UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIE WASHINGTON WALKER, | ) | Case No.: 2:09-cv-2036-GMN-GWF |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| STATE OF NEVADA DEPT. OF EMPLOYMENT AND SECURITY, et al., | ) | |
| Defendants. | ) | |

## INTRODUCTION

Before the Court is Defendants State of Nevada, Department of Employment, Training and Rehabilitation, Employment Security Division ("ESD"), Several Elected and Appointed Officials and Employees' Motion to Dismiss (ECF No. 11) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff Willie Washington Walker has not filed any pleadings in this case since it was removed from the Eighth Judicial District Court. Furthermore, a Notice of intent to dismiss the case pursuant to FRCP 4(m) was filed by the Clerk on May 7, 2010.

Defendants' Motion to Dismiss (ECF No. 11) is GRANTED.

## FACTS AND BACKGROUND

Plaintiff is pro se, characterizing himself as "Private Attorney General." (Complaint at 1, Ex. A, ECF No. 1). He filed suit on July 23, 2009, in Clark County District Court. (*Id.*). Among other nonsensical statements, attached to Plaintiff's complaint is an affidavit which seeks to deny the existence of a litany of "corporations," including the United States, the IRS and five pages worth of handwritten names of governmental entities, departments, bar associations, courts, the individuals that lead

these organizations, and others.  As it relates to this motion, it appears that part of Plaintiff's complaint arises from ESD's denial of unemployment benefits and an attempt by ESD to recover an overpayment of unemployment benefits from Plaintiff.

Plaintiff filed for unemployment insurance benefits in April 2009.  He was denied benefits because he was deemed guilty of misrepresentation due to his failure to report income he had received. (Motion to Dismiss, Ex. 2, ECF No. 11-1).  Plaintiff had previously received a determination on February 7, 2009, which also found that Plaintiff was ineligible for unemployment benefits due to his failure to report income received during the time period he claimed the right to receive benefits. (*Id.*, Ex. 3).  Plaintiff did not file an appeal, as required by Nevada law, but did send a letter to the appeal's office. (*Id.*, Ex. 4).  ESD treated Plaintiff's letter as a notice of appeal and scheduled a hearing date.  Plaintiff did not appear for the hearing and the referee dismissed his appeal. (*Id.*, Ex. 5).  Thereafter, Plaintiff filed his lawsuit in the Eighth Judicial District Court.  Defendant United States filed its Notice of Removal on October 21, 2009 and the case was removed to the United States District Court for the District of Nevada.

## DISCUSSION

Defendants argue that Plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(1) because this Court lacks subject matter jurisdiction.  Nevada Revised Statutes provide that a person seeking unemployment benefits must exhaust administrative remedies before he or she can file a lawsuit. *See* N.R.S. 612.450 et seq.  Failure to comply with the statutory requirements is grounds for dismissal of appeal. *See Kame v. Employment Sec. Dept.*, 769 P.2d 66 (Nev. 1989).  Defendants explain that Plaintiff did not properly appeal the adverse decisions he received within the required time period.  Therefore, Plaintiff failed to exhaust his administrative remedies under Nevada law and this court lacks subject matter jurisdiction.

Furthermore, Plaintiff failed to Respond to Defendants' Motion to Dismiss within the 14 days required by Local Rule 7-2(b).  Defendants argue that Plaintiff's failure to file points and authorities in response it its motion constitutes consent to the granting of the motion pursuant to Local Rule 7-2(d).

Also, federal trial courts have the power to dismiss a plaintiff's action with prejudice because of the plaintiff's failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) (affirming dismissal for failure to prosecute based on attorney's unexcused failure to attend pretrial conference and other delays); *see also* Fed. R. Civ. P. 41(b).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 630-31.  Although dismissal is a harsh penalty, it is appropriate when a plaintiff fails to prosecute with "reasonable diligence," even in the absence of a showing of actual prejudice to the defendants due to the failure. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  This case was removed to federal court over a year ago yet Plaintiff has failed to file a single motion, notice or response.  As such, it is apparent that Plaintiff has failed to prosecute this case with reasonable diligence.

However, before dismissing an action for noncompliance with a local rule or for failure to prosecute, the district court is required to weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  The public's interest in expeditious resolution of litigation always favors dismissal, *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), while public policy normally favors disposition of cases on the merits, *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th

2002).  The Court's need to manage its docket certainly weighs in favor of dismissal here.  By dismissing the case, the Court will be able to address the concerns of other litigants in other cases who abide by the Court's directions and meet their deadlines.  Finally, Plaintiff has been warned that his action would be dismissed if he did not file with the clerk proof of service on the remaining defendants by June 6, 2010.  Plaintiff did not file proof of service or show good cause for the failure to do so.  Because four of the five factors weigh in favor of dismissal, and because Plaintiff has failed to prosecute the case with reasonable diligence, this case will be dismissed.

## CONCLUSION

IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss is GRANTED.  Plaintiff's Complaint against Defendants State of Nevada, Department of Employment, Training and Rehabilitation, Employment Security Division ("ESD"), Several Elected and Appointed Officials and Employees is DISMISSED with prejudice.

Furthermore, as the Notice of Intent to Dismiss pursuant to Fed. R. Civ. P. 4(m) was filed by the clerk on May 7, 2010 and the 4(m) dismissal deadline was set for June 6, 2010, yet Plaintiff failed to submit proper proof of service or show good cause as to why none was filed by the deadline,

IT IS HEREBY ORDERED THAT Plaintiff's Complaint against all remaining defendants is DISMISSED without prejudice.

DATED this 19th day of January, 2011.

_____
Gloria M. Navarro
United States District Judge